IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.          No. CR 10-2507 JB

GUILLERMO CAMARENA-CASILLAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed November 23, 2010 (Doc. 18). The Court held a sentencing hearing on November 29, 2010. The primary issue is whether the Court should grant Defendant Guillermo Camarena-Casillas' request for a variance because his criminal history is over-represented in the Presentence Investigation Report, disclosed October 22, 2010 ("PSR"), and sentence him to a term of 37 months. The Court sentences Camarena-Casillas to a term of 37 months.

    Camarena-Casillas requests the Court to grant him a variance, because he contends his criminal history is over-represented. He contends that he does not have a long criminal history. Camarena-Casillas notes that he received 3 criminal points for pleading guilty to possession with intent to distribute marijuana in 1997 in the United States District Court for the Western District of Texas. For this conviction, he received 18 months imprisonment with 3 years supervised release, a sentence that included an adjustment for obstruction of justice, because Camarena-Casillas used a pseudonym. Camarena-Casillas contends that he was twenty-eight years old at the time of this conviction, and he was acting only as a courier. Camarena-Casillas also has a domestic battery

conviction from 1999, which he asserts was result of a family dispute, and he notes that there has not been any reoccurrence of this behavior in the eleven years that followed.  Camarena-Casillas also has a conviction from January 28, 2010 for possession of cocaine, which he contends was for personal use.  Camarena-Casillas argues that his total criminal history points of 6 overstates his record, and does not appropriately reflect his conduct and behavior.  He argues that he has essentially two convictions for serious offenses that occurred thirteen years apart.  Additionally, Camarena-Casillas states that he has a wife and four children who legally reside in the United States of America, to whom he contributes financially.  Camarena-Casillas asserts that he returned to the United States because one of his daughters suffers from depression and lives with an abusive person, so he is concerned for her.  Camarena-Casillas asks the Court to treat his criminal history like one of 3 fewer points, reducing his criminal history category to II.

The United States argues that a sentence within the guideline range is appropriate, because the guideline range accurately reflects Camarena-Casillas' criminal history, which includes a drug trafficking conviction from 1997, a misdemeanor domestic violence conviction from 1999, for which Camarena-Casillas received no criminal history points, and a felony conviction from 2010 for possession of a controlled substance -- forty grams of cocaine.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Camarena-Casillas on October 22, 2010.  In the PSR, the USPO calculated Camarena-Casillas' offense level to be 21 and his criminal history category to be III, establishing a guideline imprisonment range of 46 to 57 months.  There being no objections to the PSR, the Court adopts the USPO's guideline calculations in the addendum to the PSR as its own.  Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 1-level downward departure, as the Court is satisfied that the agreed offense

level departs for justifiable reasons, i.e., the non-standard fast-track plea agreement is pursuant to the United States Attorney for the District of New Mexico's fast-track program, which the United States Attorney General has approved, and which meets the conditions that Congress has set for such programs.  See PROTECT Act § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675; U.S.S.G. § 5K3.1.  An offense level of 20 and a criminal history category of III establishes a guideline imprisonment range of 41 to 51 months.  The Court has considered Camarena-Casillas' request for a downward departure based on an overstatement of his criminal history.  The Court does not believe that Camarena-Casillas' criminal history entitles him to a departure under the guidelines.  The Court has a hard time saying that a criminal history category III overstates Camarena-Casillas' criminal history.  The Court is concerned about the number of convictions in Camarena-Casillas' record, and the recency of the 2010 conviction for possession in Chicago, Illinois.

While the Court denies Camarena-Casillas a downward departure based on his criminal history, the Court will consider his arguments in Camarena-Casillas' request for a variance.  While the Court does not believe the PSR substantially overstates his criminal history so as to warrant a departure, the Court believes that a criminal history category III somewhat overstates his criminal history and, therefore, some variance from the guideline range is warranted.  While Camarena-Casillas' conviction for domestic battery in 1999, for which he received no points, troubles the Court, his 1997 criminal conviction for possession with intent to distribute is the main reason his criminal history points are high.  The conviction is now approximately thirteen years old, and Camarena-Casillas spent time in prison for the conviction.  Additionally, Camarena-Casillas has family in the United States, and he supports them.  Although family relations are not normally sufficient alone to warrant a variance, they do support a variance in this case in combination with other considerations.  In sum, the Court believes that, while Camarena-Casillas' criminal history is

not substantially overstated, it would be more appropriate to vary from the guideline range and to treat Camarena-Casillas' criminal history like a category II. An offense level of 21 and a criminal history category of II suggest a guideline imprisonment range of 37 to 46 months. The Court agrees with Camarena-Casillas that a sentence of 37 months at the low end appropriately reflects the factors in 18 U.S.C. § 3553(a).

Camarena-Casillas illegally reentered the United States after a felony conviction for possession with intent to distribute marijuana, a drug trafficking offense. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that, with the downward departure it has granted pursuant to the plea agreement, the punishment that is set forth in the guidelines is still not appropriate for this sort of offense. The Court finds that a variance is needed and that a sentence of 37 months adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Perhaps most important in this case is the parsimony clause. The Court believes a sentence of 37 months is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

The Court orders Camarena-Casillas committed to the custody of the Bureau of Prisons for a term of 37 months followed by placement on supervised release for a term of three years. Camarena-Casillas' supervised release term shall be unsupervised, and the standard conditions of supervised release shall apply along with the following special condition: Camarena-Casillas must not reenter the United States without legal authorization.  The Court recommends that Immigration and Customs Enforcement begin removal proceedings during Camarena-Casillas' incarceration. Based on the defendant's lack of financial resources, the Court will not impose a fine.  Camarena-Casillas will pay a special assessment of $100.00, which is due immediately.

**IT IS ORDERED** that the Court grants the Defendant's Sentencing Memorandum, filed November 23, 2010 (Doc. 18), and sentences Defendant Guillermo Camarena-Casillas to a term of 37 months in the custody of the Bureau of Prisons, followed by placement on supervised release for a term of three years.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzalez
   United States Attorney
Norman Cairns
   Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Roberto Albertorio
Albuquerque, New Mexico

*Attorney for the Defendant*