AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA<br>V.<br>**Guillermo Camarena-Casillas** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:10CR02507-001JB**<br>USM Number: **57119-051**<br>Defense Attorney: **Roberto Albertorio, Appointed** |
|---|---|

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 06/09/2010 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**November 29, 2010**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**December 29, 2010**
Date Signed

Defendant: **Guillermo Camarena-Casillas**
Case Number: **2:10CR02507-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**The Court incorporates its Memorandum Opinion and Order in United States v. Camarena-Casillas, CR 10-2507 (D.N.M.), filed December 28, 2010 (Doc. 20). Camarena-Casillas requests the Court to grant him a variance, because he contends his criminal history is over-represented in the sentencing range recommenced by the sentencing guidelines. He contends that he does not have a long criminal history. Camarena-Casillas notes that he received 3 criminal points for pleading guilty to possession with intent to distribute marijuana in 1997 in the United States District Court for the Western District of Texas. For this conviction, he received 18 months imprisonment with 3 years supervised release, a sentence that included an adjustment for obstruction of justice, because Camarena-Casillas used a pseudonym. Camarena-Casillas contends that he was twenty-eight years old at the time of this conviction, and he was acting only as a courier. Camarena-Casillas also has a domestic battery conviction from 1999, which he asserts was the result of a family dispute, and he notes that there has not been any reoccurrence of this behavior in the eleven years that followed. Camarena-Casillas also has a conviction from January 28, 2010, for possession of cocaine, which he contends was for personal use. Camarena-Casillas argues that his total criminal history points of 6 overstates his record, and does not appropriately reflect his conduct and behavior. He argues that he has essentially two convictions for serious offenses that occurred thirteen years apart. Additionally, Camarena-Casillas states that he has a wife and four children who legally reside in the United States of America, to whom he contributes financially. Camarena-Casillas asserts that he returned to the United States because one of his daughters suffers from depression and lives with an abusive person, so he is concerned for her. Camarena-Casillas asks the Court to treat his criminal history like one of 3 fewer points, reducing his criminal history category to II.**

**The United States argues that a sentence within the guideline range is appropriate, because the guideline range accurately reflects Camarena-Casillas` criminal history, which includes a drug trafficking conviction from 1997, a misdemeanor domestic violence conviction from 1999, for which Camarena-Casillas received no criminal history points, and a felony conviction from 2010 for possession of a controlled substance -- forty grams of cocaine.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Camarena-Casillas on October 22, 2010. In the PSR, the USPO calculated Camarena-Casillas` offense level to be 21 and his criminal history category to be III, establishing a guideline imprisonment range of 46 to 57 months. There being no objections to the PSR, the Court adopts the USPO`s guideline calculations in the addendum to the PSR as its own. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 1-level downward departure, as the Court is satisfied that the agreed offense level departs for justifiable reasons, i.e., the non-standard fast-track plea agreement is pursuant to the United States Attorney for the District of New Mexico`s fast-track program, which the United States Attorney General has approved and which meets the conditions that Congress has set for such programs. See PROTECT Act § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675; U.S.S.G. § 5K3.1. An offense level of 20 and a criminal history category of III establishes a guideline imprisonment range of 41 to 51 months. The Court has considered Camarena-Casillas` request for a downward departure based on an overstatement of his criminal history. The Court does not believe that Camarena-Casillas` criminal history warrants a departure under the guidelines. The Court has a hard time saying that a criminal history category III overstates Camarena-Casillas` criminal history. The Court is concerned about the number of convictions in Camarena-Casillas` record and the recency of the 2010 conviction for possession in Chicago, Illinois.**

**While the Court denies Camarena-Casillas a downward departure based on his criminal history, the Court will consider his arguments in Camarena-Casillas` request for a variance. While the Court does not believe a criminal history category III substantially overstates his criminal history so as to warrant a departure, the Court believes that a criminal history category III somewhat overstates his criminal history and, therefore, some variance from the guideline range is warranted. While Camarena-Casillas` conviction for domestic battery in 1999, for which he received no points, troubles the Court, his 1997 criminal conviction for possession with intent to distribute is the main reason his criminal history points are high. The conviction is now approximately thirteen years old, and Camarena-Casillas spent time in prison for the conviction. Additionally, Camarena-Casillas has family in the United States, and he supports them. Although family relations are not normally sufficient alone to warrant a variance, they do support a variance in this case in combination with other considerations. In sum, the Court believes that, while**

**Camarena-Casillas` criminal history is not substantially overstated, it would be more appropriate to vary from the guideline range and to treat Camarena-Casillas` criminal history like a category II. An offense level of 21 and a criminal history category of II suggest a guideline imprisonment range of 37 to 46 months. The Court agrees with Camarena-Casillas that a sentence of 37 months at the low end appropriately reflects the factors in 18 U.S.C. § 3553(a).**

**Camarena-Casillas illegally reentered the United States after a felony conviction for possession with intent to distribute marijuana, a drug trafficking offense. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that, with the downward departure it has granted pursuant to the plea agreement, the punishment which is set forth in the guidelines is still not appropriate for this sort of offense. The Court finds that a variance is needed, and that a sentence of 37 months adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Perhaps most important in this case is the parsimony clause. The Court believes a sentence of 37 months is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends MCC Chicago, IL, if eligible.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
　　☐ at　on
　　☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　☐ before 2 p.m. on
　　☐ as notified by the United States Marshal
　　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Guillermo Camarena-Casillas**
Case Number: **2:10CR02507-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Guillermo Camarena-Casillas**
Case Number: **2:10CR02507-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Guillermo Camarena-Casillas**
Case Number: **2:10CR02507-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒   In full immediately; or
B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.